[Crim. No. 7943.   Second Dist., Div. Four.   Sept. 14, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN ANTHONY CONWAY, Defendant and Appellant.

John Anthony Conway, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—A jury returned a verdict in consolidated informations finding defendant guilty of the following offenses: Count I, violation of section 459, Penal Code, burglary in the first degree; Count II, violation of section 211, Penal Code, robbery in the first degree; Count III, violation of section 261, subdivision 3, Penal Code, rape; Count IV, violation of section 288a, Penal Code; Count V, violation of section 459, Penal Code, burglary in the first degree; Count VI, violation of section 220, Penal Code, assault with intent to commit rape; Count VII, violation of section 211, Penal Code, robbery in the first degree.

Defendant was represented by counsel. He testified on his own behalf and his motion for new trial was denied; defendant was sentenced to state prison for the term prescribed by law, as to each count; sentences as to Counts II, III and VII were ordered to run consecutively and consecutively to the sentence defendant is now serving; sentences as to Counts I, IV, V and VI were ordered to run concurrently with each other.

Defendant made two applications for appointment of counsel to assist him on the appeal. The court on each occasion considered defendant's application for appointment of counsel to represent him on the appeal herein and having made an independent investigation of the record and having determined that it would be neither advantageous to defendant nor helpful to the court to have counsel appointed, denied application in each instance, whereupon defendant prosecutes this appeal in propria persona.

Defendant requested and was given an extension of time to file his opening brief. Defendant petitioned for "mandate" concerning additional records which was construed to be a motion for further augmentation of the record on appeal. This motion was denied. Defendant filed a "Statement In Lieu of Opening Brief or Other Remedy." We have read and considered the statement as filed by defendant. We find it without merit.

There was evidence of the following facts: One of the victims testified that on the evening of July 19, 1960, she had secured the doors to her apartment and went to bed and had fallen asleep; that she heard a noise and awakened to observe defendant standing over her. She screamed and he rushed at her with a knife. He made her lie back down and covered her up with the covers. Defendant asked her where her purse was and he rummaged around and found it; he took the three

or four dollars which she had in the purse. She further testified that defendant made her lie down, and with a knife in her back forced her to copulate his penis; when he left he told her he would have to tie her up again; that she was forced to have an act of sexual intercourse; that it was without her consent; that at the time it occurred she was married and that her husband was away from home serving in the National Guard. The victim testified that defendant entered her apartment through a screen that was cut.

A second victim testified that on the night of August 11, 1960, she was awakened about 2 o'clock in the morning and saw a man standing in her room; he came running at her with a butcher knife and held it over her neck and face; that he told her to shut up and nothing would happen; he placed a pillow over her face and asked her where her money was; he tied her up with her bra, with her hands behind her back and gagged her with her nightie. He inserted his fingers in her private parts; she testified she kept fighting him. When he left, three one-dollar bills were missing, and a butcher knife from the kitchen; that after he left she noticed the screen was unfastened from the outside and it was found against the railing of the staircase; that a stool was leaning against the sink and the window was open.

The father of the last-mentioned victim testified he returned to his home with his wife late in the evening; switched on the light, looked into his daughter's room and saw her on the bed blindfolded with defendant leaning over her with a knife; defendant bolted from the room; the witness attempted to catch defendant, but was not successful; a few moments later, police apprehended defendant and brought him back to the house; he identified defendant as the man he had seen in his daughter's room.

A deputy sheriff testified he received a call concerning the alleged crime; with his partner he had scoured the neighborhood and found defendant within two blocks of where the attack had occurred; defendant was in a crouched position behind some plywood; this was about 2:30 a. m.; defendant was taken to the victim's house where he was identified by the victim and her father.

When defendant was interrogated by police officer Douglas L. Bentley he stated, "I don't want to give you anything that you can use."

A further review of the testimony would serve no useful purpose.

Defendant and his counsel made a request to the court to have the jury view the premises. This request was denied. As stated in *People* v. *Diaz,* 160 Cal.App.2d 123, 131 [324 P.2d 887], "The authorities are uniform in holding that such a viewing of the premises is wholly within the discretion of the trial court. [Citations.]"

In this case there was positive identification that defendant was the perpetrator of the crimes. "To entitle a reviewing court to set aside a jury's finding of guilt, the evidence of identity must be so weak as to constitute practically no evidence at all. [Citations.]" (*People* v. *Braun,* 14 Cal.2d 1, 5 [92 P.2d 402].)

The evidence was abundant and overwhelming for the jury to find defendant guilty of the crimes as charged.

We can find no error in the trial. The appeal is entirely without merit.

Judgment is affirmed.